# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4726 | **DATE** | November 28, 2003 |
| **CASE TITLE** | *Ohio Casualty v. Lower Forty Gardens* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court finds that Ohio Casualty has failed to satisfy the amount in controversy requirement in 28 U.S.C. § 1332. Accordingly, Lower Forty's motion to dismiss [5-1] is granted and this case is dismissed for lack of jurisdiction. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 01 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | 03 NOV 31 AM 9:26 FILED FOR DOCKETING 7-03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 03 C 4726 |
| LOWER FORTY GARDENS, INC. and BLOOMING FLOWERS, INC., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The genesis of this case is a state court action brought by Lower Forty against Blooming Flowers in the Circuit Court of Cook County. In that action, Blooming Flowers alleged that it had the exclusive right to use the name "Elk Grove Florist" and that Lower Forty wrongfully held itself out as "Elk Grove Village Florist" and "Florist of Elk Grove Village." Lower Forty tendered the defense of the *Blooming Flowers* litigation to its insurer, plaintiff Ohio Casualty Insurance, which claimed that its policies did not cover Lower Forty and that it thus was not obligated to defend or indemnify Lower Forty. Ohio Casualty subsequently filed this declaratory judgment action to resolve the coverage issue. Lower Forty seeks to dismiss the complaint, contending that Ohio Casualty has failed to establish that the amount in controversy exceeds $75,000. The court agrees and thus grants the motion to dismiss.

**DOCKETED**
**DEC - 1 2003**

## Discussion

This court can exercise diversity jurisdiction over this declaratory judgment action only if the opposing sides are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Dismissal of a complaint based on failure to satisfy the amount in controversy is proper only if it appears to a legal certainty that less than $75,000 is at issue. *See*

*e.g., Target Market Publishing, Inc. v. Advo, Inc.*, 136 F.3d 1139, 1141 (7th Cir. 1998), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). When a defendant challenges the amount in controversy, the plaintiff must submit "competent proof" that the amount in controversy exceeds $75,000. *See Target Mkt. Publishing, Inc. v. ADVO, Inc.*, 136 F.3d at 1142. "Competent proof means proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995).

Lower Forty asserts that there is no reasonable probability that at least $75,000 is at issue. According to Lower Forty, only defense costs (approximately $25,000 to date) count towards the amount in controversy and the total defense costs will not exceed or even come close to $75,000. Lower Forty reasons that potential indemnification costs don't count towards the amount in controversy requirement because there is no present controversy regarding indemnification since the state court action is currently pending. On the other hand, Ohio Casualty contends that the amount in controversy is the total amount that the insured believes it is entitled to receive and thus includes both defense costs and indemnification.

It is well established that "a declaratory judgment seeking indemnification rights is not ripe for adjudication until the underlying lawsuit has first determined and defined liability." *Lear Corp. v. Johnson Electric Holdings, Ltd.*, No. 02 C 6704, 2003 WL 21254253 *3 (N.D. Ill. May 30, 2003) (collecting cases). Here, the state court has not determined if Lower Forty is liable. The indemnification claim is, therefore, premature. *See id.* This means that it cannot count towards the amount in controversy as it is not ripe, and may never be ripe, for adjudication. *See Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1189 (7th Cir.1980) ("The possibility that proceedings might be commenced against an insured regarding an act of the insured's as to

which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution").

The same logic applies to the so-called compensatory damages claims against Lower Forty. These claims are actually indemnification claims as to Ohio Casualty. This is because if Lower Forty is held liable to Blooming Flowers for compensatory damages, Ohio Casualty will only be on the hook for these damages pursuant to the indemnification agreement between Ohio Casualty and Lower Forty.

This leaves attorneys' fees, as the total costs of defending Lower Forty counts towards the jurisdictional amount. *See Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 n.2 (7th Cir. 1997) (the costs of defending the insured should be taken into consideration when determining whether the amount in controversy satisfies the jurisdictional minimum). As noted above, Ohio Casualty has the burden of pointing to competent proof that the amount in controversy exceeds $75,000. In Ohio Casualty's response to the motion to dismiss, it states that Lower Forty incurred $25,000 in fees before this declaratory judgment action was filed and that there is a "reasonable probability" that Lower Forty will incur at least another $50,000 in fees and costs. This statement is wholly conclusory. Moreover, discovery in the state court action is set to conclude shortly and Ohio Casualty has not explained why it is reasonable to conclude that it will cost Lower Forty over $50,000 to file dispositive motions and/or try the case.

In the interests of completeness, the court notes that Ohio Casualty also appears to be asserting that the attorneys' fees incurred by both Lower Forty *and* Blooming Flowers counts towards the amount in controversy. *See* Response at 7. The insurance contracts are not part of the record, but the court is hard pressed to imagine that they cover the costs of both defending

and suing the insured party. Accordingly, the court finds that Ohio Casualty has failed to establish to a reasonable probability that more than $75,000 is at issue in this action.

## Conclusion

For the above reasons, the court finds that Ohio Casualty has failed to satisfy the amount in controversy requirement in 28 U.S.C. § 1332. Accordingly, this case is dismissed for lack of jurisdiction.

DATE: 11-28-03

Blanche M. Manning
United States District Court Judge

03cv4726.md